Meetings — Open — Private — When Allowed — Open Meeting Law "A meeting of the governing body" in regard to 25 O.S. 201 [25-201] (1968), is construed to mean the coming together of a quorum of the collective number of individual members of a governing body to transact the business which officially concerns such body. Communications between individual members when not meeting as a governing body may be private. The only business that can be transacted in closed session under Section 201 is the discussion of the commencement, continuation or termination of the employment or appointment of an individual. Any member of a committee of the legislature or the Legislative Council may attend closed sessions whenever the jurisdiction of such committee includes the actions of the body. The Governor may privately communicate with members of a public body as long as the individuals are not meeting as the governing body. The Attorney General has had under consideration your letter of June 7, 1968 wherein you ask the following questions: "(1) In reference to 25 O.S. 201 [25-201] (1967), what essential elements are necessary to exist to constitute a 'meeting of the governing body' as opposed to communication between members of such governing body which comprise something less than a 'meeting'? "(2) What may be transacted in executive session by such governing body under the provision of Section 201? "(3) Under what circumstances may the Governor privately communicate with members of such 'governing body' without the communication being considered a 'meeting' under the terms of Section 201?" 25 O.S. 201 [25-201] (1967), provides as follows: "All meetings of the governing bodies of any state or local department, board, commission, authority, agency, division, subdivision or trusteeship, including municipalities, counties and school districts, supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, shall be conducted in sessions open for the attendance of the public, except that matters under consideration involving employment or appointment may be in sessions closed to the public, provided, however that the vote or action shall be in public meeting; provided further, that any member of the legislature appointed as a member of a committee of either branch of the legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any closed session authorized by this section whenever the jurisdiction of such committee includes the actions of the public body involved." "Meeting" is defined in 57 CJ.S., Meeting, p. 1044, as follows: "A number of people having a common duty or function who have come together for any legal purpose, or the transaction of business of a common interest." A "governing body" can be construed as being a quorum of the collective number of individuals designated as members of such body when acting in the capacity for which they were authorized. It is therefore the opinion of the Attorney General that "a meeting of the governing body" is construed to mean the coming together of a quorum of the collective number of individual members of a governing body to transact the business which officially concerns such body. Communications between individual members of such body when not meeting as a governing body may be private. In answer to your second question we emphasize the language of Section 201 which provides, "all meetings . . . shall be conducted in sessions open to the public, except that matters under consideration involving employment or appointment may be in sessions closed to the public,. . . ." (Emphasis added) By necessity the discussion of "employment and appointment" includes any relevant discussion concerning the commencement, continuation or termination of employment or appointment. It is therefore the opinion of the Attorney General that the only business that can be transacted in closed session under the terms of Section 201 is the discussion of the commencement, continuation or termination of the employment or appointment of an individual employed with or appointed by the governing body. It should also be noted that the proviso of Section 201 permits any member of a committee of either branch of the legislature or joint committee thereof or a committee of the State Legislative Council to attend any of these closed sessions whenever the jurisdiction of such committee includes the actions of the public body involved. In answer to your third question it is the opinion of the Attorney General that the Governor may privately communicate with members of a public body so long as the individuals are not meeting as the governing body. (Dale F. Crowder) ** SEE: OPINION NO. 71-245 (1971) ** ** SEE: OPINION NO. 74-182 (1974) ** ** SEE: OPINION NO. 76-334 (1976) **